IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KELLOGG BROWN & ROOT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12-780C ) Judge Bush ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules for the Court of Federal Claims (RCFC) 12(b)(1), defendant, the United States, respectfully submits this motion to dismiss plaintiff, Kellogg Brown & Root Services, Inc.'s (KBR) complaint for lack of jurisdiction: KBR has failed to file a certified claim seeking payment of a sum certain.

### BACKGROUND

The merits of this case involve the application of an indemnity clause contained in the "Restore Iraqi Oil" (RIO) contract, between the Government and KBR for "unusually hazardous risks". Comp. ¶¶ 3-4.[1] Pursuant to a task order under the RIO contract, KBR occupied and restored the Qarmat Ali water treatment facility in Iraq after active hostilities passed the facility by. *Id*. ¶ 6. British and American soldiers who were exposed to the carcinogen sodium dichromate at Qarmat Ali sued KBR in United States district court, alleging negligence. *Id*. ¶ 7.

After suit was brought against it in 2008, KBR notified the Government. *Id*. ¶ 8. On December 29, 2010 KBR requested that the Government indemnify it for its costs of defending the lawsuit. *See* Exhibit A. The request was not couched as a dispute between KBR and the

---

[1] "Comp. ¶__" refers to a paragraph of the complaint filed to initiate this action; "Comp2 ¶__" refers to a paragraph of the complaint that KBR filed in related case, Number 13-169, filed on March 5, 2013, in this Court.

Government, did not request any sum of money, and was not "certified" as the term is used in the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109.  By a letter dated April 6, 2011, the contracting officer declined to indemnify KBR, and informed KBR that, if it wished to file a CDA claim, it should follow the protocol set forth in the Federal Acquisition Regulation (FAR). *See* Exhibit B.

KBR responded to the Government's April 6 letter with a letter dated June 9, 2011, in which its counsel explained how KBR believed that that Government had made a mistake in its analysis and requested the opportunity to meet and discuss matters with the Government.  *See* Exhibit C.  This letter did not purport to be a CDA claim, made no demand for any particular sum of money, and was not certified.  *Id*.

The Government met with KBR, as requested, in August 2011, and sent a letter, dated November 18, 2011, declining to indemnify KBR.  *See* Exhibit D.  The letter, again, informed KBR that, if it wished to file a CDA claim, it should follow the protocol set forth in the FAR.  *Id*.

On November 16, 2012, KBR brought this suit, alleging that the contracting officer's November 18, 2011 letter conferring jurisdiction upon this Court pursuant to the CDA.  Comp. ¶¶ 12-14; *see also id*. ¶ 32 (referring to "final[] denial" of request for indemnification through the November 18, 2011 letter).

On December 21, 2012, KBR filed a certified claim with the RIO contracting officer, seeking indemnity from the Government.  Comp2 ¶ 2.  Because this lawsuit was pending, the contracting officer declined to rule upon it.  *Id*. ¶ 3.  On March 5, 2013, KBR filed case number 13-169 with this Court, which relied upon what KBR considered to be the contracting officer's deemed denial of the December 2012 claim.  *Id*. ¶¶ 2, 3.  In this new complaint, KBR alleges that "the relief sought in the previous suit [*i.e.*, this suit, No. 12-780] is subsumed within the relief

sought in the instant case." *Id.* ¶ 42.

## ARGUMENT

I. <u>KBR Bears The Burden Of Proof For An RCFC 12(b)(1) Motion</u>

When a motion to dismiss under RCFC 12(b)(1) challenges the Court's subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Undisputed factual allegations contained in the complaint must be treated as true. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). However, in resolving disputes regarding jurisdictional facts, the Court may look beyond the pleadings. *See Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). If the Court finds that it lacks subject-matter jurisdiction, dismissal of the complaint is necessary. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

II. <u>Submission Of A Valid, Certified Claim Is A Prerequisite To Jurisdiction In This Court</u>

The Tucker Act, 28 U.S.C. § 1491, grants this Court jurisdiction to "render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). When the provisions enacted originally as the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613, and now found at 41 U.S.C. §§ 7101-7109 apply, the relevant portion of the Tucker Act is § 1491(a)(2), which provides in part: "The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41 . . . ." 28 U.S.C. § 1491(a)(2); s*ee Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1264 (Fed. Cir. 1999).

In granting jurisdiction to this Court, the Tucker Act also waives sovereign immunity for claims within that jurisdictional grant. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The

provisions of 41 U.S.C. §§ 7101-7109 "operate as limits" upon this waiver of sovereign immunity.  *See Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1365 (Fed. Cir. 2002).

For applicable contracts, including the contract at issue in this case, 41 U.S.C. § 7103(a)(1) requires that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."  41 U.S.C. § 7103(a)(1).  If the contracting officer denies the claim or fails to issue a decision within the time allowed, the contractor may bring an action in this Court.  41 U.S.C. § 7104(b)(1).  In the absence of a valid claim and a contracting officer's final decision, the Court lacks jurisdiction.  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010); *England v. Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004).

Because the term "claim" is not defined in 41 U.S.C. §§ 7101-7109, its meaning is governed by the definition found in the Federal Acquisition Regulation ("FAR").  *Todd Constr., L.P. v. United States*, 636 F.3d 1306, 1311 (Fed. Cir. 2011); *M. Maropakis Carpentry*, 609 F.3d at 1327.  According to the FAR,

> "Claim" means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

FAR § 2.101 (2011).

Although no particular form or wording is required, *M. Maropakis Carpentry*, 609 F.3d at 1327, a valid claim for monetary relief by a contractor "must contain 'a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the

4

claim.'" *Id.* (quoting *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed.Cir.1997)). Thus, a valid claim must:

(1) be a written demand or assertion;[2]

(2) be non-routine, or in dispute,[3]

(3) seek payment as a matter of right;[4]

(4) seek payment as a sum certain;[5]

(5) "indicate to the contracting officer that the contractor is requesting a final decision;"[6]

and

(6) be certified if seeking more than $100,000.[7]

Submission of a valid claim is a prerequisite to jurisdiction in this Court. *England v. Swanson Group, Inc.*, 353 F.3d at 1379. If a contractor fails to allege or establish that it has submitted a valid claim, its complaint must be dismissed for lack of jurisdiction.

III. <u>KBR Has Not Alleged, And Cannot Establish, That It Has Submitted A Certified Claim</u>

In its complaint, KBR fails to allege that it submitted a valid claim. Because KBR fails to allege facts sufficient to establish the Court's jurisdiction in its initial pleading, the complaint

---

[2] *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1576 (Fed. Cir. 1995) (en banc) ("Our holding today that the FAR requires a 'claim' to be a written demand seeking a sum certain (or other contract relief) as a matter of right . . . .").

[3] *Id.* at 1583 ("the first written demand for payment as a matter of right that is not merely a routine request for payment is recognized and treated as a 'CDA' claim"); FAR 2.101 (2011) ("A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim.")

[4] *Id.* at 1576 ("That the demand is made as a matter of right constitutes the essential characteristic of a 'claim' according to both the FAR and dictionary definitions.")

[5] *Id.*

[6] *M. Maropakis Carpentry*, 609 F.3d at 1327; *James M. Ellett Constr. Co. v. United States*, 93 F.3d at 1543 n.4.

[7] 41 U.S.C. § 7103(b)(1); FAR 2.101 (2011) ("a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act"); *Fischbach & Moore Int'l Corp. v. Christopher*, 987 F.2d 759, 762 (Fed. Cir. 1993).

5

should be dismissed. *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) ("a party invoking federal court jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction"). To be sure, KBR has alleged that it communicated with the Government in letters, requesting indemnification and providing information to the Government, *see* Comp. ¶¶ 19, 22, but it identified neither correspondence as a "claim."

Even putting aside KBR's failure to file a well-pleaded complaint, KBR cannot establish that it submitted a valid claim. Neither letter sought a sum certain, nor was either letter certified. *See M. Maropakis Carpentry*, 609 F.3d at 1327.

    A.    <u>KBR's Letters Fail To Seek A Sum Certain</u>

A purported claim that fails to seek payment as a sum certain is not a valid claim. *Reflectone*, 60 F.3d at 1576. "In most cases this means that the contractor must specify the exact dollar amount sought in recovery." *Executive Court Reporters, Inc. v. United States*, 29 Fed. Cl. 769, 775 (1993). In some cases, the requirement that a valid claim state a sum certain may be met if the amount sought "can be easily determined by a simple mathematical calculation or from the contractor's submission to the contracting officer." *Metric Constr. Co. v. United States*, 14 Cl. Ct. 177, 179 (1988). In *M. Maropakis Carpentry*, the Federal Circuit held that the Court of Federal Claims properly dismissed a contractor's claim for lack of jurisdiction, holding that the contractor's claim letter could not establish jurisdiction because "it did not state a sum certain," among other jurisdictional defects. 609 F.3d at 1329.

Neither the December 29, 2010 letter, nor the June 9, 2011 letter from KBR sought a sum certain. *See* Exhibits A, C. We anticipate that, in response to this motion, KBR will allege that it was not seeking payment, but "other contract relief," for which no sum certain is necessary. *See Reflectone*, 60 F.3d at 1576 (referencing "other contract relief"); FAR § 2.101. But such an

argument would ignore the true substance of what is being sought in KBR's complaint, which is that the "Court grant KBR's request for indemnification," *see* Comp. Prayer For Relief, ¶ A, and that the "Court direct the [G]overnment to indemnify KBR for all fees, costs, settlements, final judgments and all other damages resulting from such tort litigation." *Id*. ¶ B.  There is no way to read this complaint without concluding that KBR is seeking to obtain money from the Government.  Indeed, the complaint, itself, provides that KBR's damages are already in excess of $15 million.  Comp. ¶ 36.  And, in order to seek monetary relief now, KBR must have sought such relief from the contracting officer.  *See Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) (appeal of CDA claim must seek "essentially the same relief").  Thus, because KBR is seeking money from the Court now, its claim must have sought money, which would require a sum certain.  Although we recognize that, were KBR actually entitled to indemnification, the amount would necessarily change as the lawsuits against it progressed, the notion of a changing quantum of relief before this Court is not novel, and does not excuse KBR from including an amount in a document that it alleges constitutes a claim.[8]

  B. <u>KBR's Letters Lack The Required Certification</u>

  Proper certification, when required, is also a jurisdictional prerequisite.  *Fischbach & Moore Int'l Corp. v. Christopher*, 987 F.2d 759, 762 (Fed. Cir. 1993).  For claims exceeding $100,000, the contractor must certify that "(A) the claim is made in good faith; (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;

---

[8] KBR also alleges in its complaint that the Government caused or contributed to the alleged exposure of sodium dichromate at Qarmat Ali, *see* Comp. ¶¶ 27-27, yet does not appear to include this alleged misfeasance in its Breach of Contract count, *see id*. ¶¶ 28-37, or in the Prayer for Relief that follows. Presumably, this is because KBR recognizes that such a breach allegation would be precluded by the statute of limitations, occurring, as it did, more than 6 years prior to any correspondence that could be construed as a claim on the matter. *See* 41 U.S.C. § 7103(a)(4)(a).

(C) the amount requested accurately reflects the contract adjustment for which the Federal Government is liable; and (D) the certifier is authorized to certify the claim on behalf of the contractor." 41 U.S.C. § 7103(b)(1).  In *M. Maropakis Carpentry*, the Federal Circuit noted that an action cannot be maintained in the absence of proper certification.  609 F.3d at 1329.  Although a certification containing technical defects can often be corrected during litigation, the absence of a certification altogether cannot be cured and necessarily results in a finding that no valid claim was submitted.  *See Scan-Tech Security v. United States*, 46 Fed. Cl. 326, 338-39 (2000);  *Hamza v. United States*, 31 Fed. Cl. 315, 324 (1994).

As noted above, KBR's complaint seeks unspecified money damages on the order of over $15 million -- well over $100,000.  But neither letter that KBR sent to the contracting officer even attempted certification.  *See* Exhibits A, C.  Thus, KBR has presented no valid claim to the contracting officer, and this suit must be dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

    Respectfully submitted,

    STUART F. DELERY
    Principal Deputy Assistant Attorney General

    Jeanne E. Davidson
    JEANNE E. DAVIDSON
    Director

    s/ Bryant G. Snee
    BRYANT G. SNEE
    Deputy Director

| | |
|---|---|
| OF COUNSEL:<br>ALEX P. HONTOS<br>Trial Attorney | s/ J. Reid Prouty<br>J. REID PROUTY<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tele:  (202) 305-7586<br>Fax:   (202) 514-7969 |
| March 18, 2013 | Attorneys for Defendant |